**CARTER v. STATE.**

No. 25663.

Court of Criminal Appeals of Texas.
Jan. 23, 1952.

———◆———

No attorney on appeal for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

BEAUCHAMP, Judge.

Appellant waived a trial by jury and entered his plea of guilty before the court under a charge of unlawful possession of intoxicating liquor for the purpose of sale in a dry area. The court found him guilty and assessed his punishment at a fine of $250.00.

The proceedings appear regular in every respect. The record is brought forward without a statement of facts or bill of exception. In the state of the record nothing is presented for review by this court. The judgment is affirmed.

No attorney on appeal for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

WOODLEY, Commissioner.

Appellant was adjudged to be in contempt of court by reason of his violation of an injunction against maintaining a common nuisance, and attempts to appeal from the imposition of a fine of $100 for such contempt.

In Lawley v. State, 117 Tex.Cr.R. 14, 36 S.W.2d 1035, we said: "We are concerned with one thing only in the motion, and that is the proposition that this court is without jurisdiction of the appeal. No doubt exists as to the correctness of the proposition. An appeal does not lie from a judgment of contempt. Crow v. State, 24 Tex. 12; Ex parte Kilgore, 3 Tex.App. [247] 249; Carter v. State, 4 Tex.App. 165; Borrer v. State, Tex.Cr.App., 63 S.W. 630; Borrer v. State, Tex.Cr.App., 63 S.W. 1133; Long v. State, 82 Tex.Cr.R. 403, 199 S.W. 619, 620, in which the following language is found: 'From a judgment of contempt this court can give relief only on writ of habeas corpus when the relator is in custody.' "

The appeal is dismissed.

Opinion approved by the Court.

## MUSGROVE v. STATE.
### No. 25661.

Court of Criminal Appeals of Texas.

Jan. 23, 1952.